UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MIZRAIM BATISTA,

        Plaintiff,

-against-

MICHAELANGELO PAVERS UNLIMITED, INC,
POLLACK, POLLACK, ISAAC & DE CICCO, LLP,
THE UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, ANDREA QUARANTILLO
AS THE DISTRICT DIRECTOR OF THE UNITED STATES
CITIZENSHIP AND IMMIGRATION SERVICE AND
UNITED STATES DEPARTMENT OF LABOR,

        Defendants.
------------------------------------------------------------------x

☐ ORIGINAL

07 CIV. 6716

VERIFIED COMPLAINT

FOX

Plaintiff, by his attorney, DOMINICK SORRENTINO, for his verified complaint alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST MICHAELANGELO PAVERS UNLIMITED, INC.

1. That jurisdiction is found pursuant to 8 U.S.C. 1255.

2. That, upon information and belief, the defendant, MICHAELANGELO PAVERS UNLIMITED, INC., is a corporation organized under and by virtue of the laws of the State of New York, with its principal office at No. 275 Broadfield Road, New Rochelle, New York 10804.

3. That Plaintiff is presently a resident of the City of Mount Vernon, County of Westchester and State of New York and entered the United States on June 17, 1993.

4. That on or before April 30, 2001, the defendant, Michaelangelo Pavers Unlimited, Inc. ("Michaelangelo") filed an application for alien employment certification. See Exhibit "A".

5. That, thereafter, and after the said date of April 30, 2001, Michaelangelo voluntarily

withdrew the said application on behalf of plaintiff and, on or after December 22, 2003, substituted a new beneficiary, unknown to plaintiff, on the employment certification application, previously filed on behalf of plaintiff.

6. That, on information and belief, the said new beneficiary became the beneficiary of an approved I-140 visa petition for alien worker and adjusted his status as a permanent resident of the United States.

7. That the adjustment of status, hereinabove mentioned, was erroneously made on the basis that the substituted beneficiary was considered to be grandfathered for the purpose of Section 245 (I) of the Act (8 U.S.C. 1255 (I)).

8. That the adjustment of status on behalf of the said substituted beneficiary was made in violation of the Federal Regulations, set forth in the *Federal Register* at 66 FR 1638 and published on March 26, 2001, which provide, *inter alia,* that:

> Only the alien who was the beneficiary of an application
> for labor certification on or before April 30, 2001, will be
> considered to be grandfathered for purposes of Section
> 245 (I) of the Act (8 U.S.C. 1255 (I)).

9. That at the present time, plaintiff is the beneficiary of an approved visa petition for alien worker, filed by Pat Landscaping Corporation on November 6, 2006, as a stone mason, and approved on January 25, 2007. Annexed as Exhibit "B" is the said approved visa petition.

10. That on the basis of the said I-140 petition, plaintiff filed an application for adjustment of status, which was rejected on the ground that there was no visa available for plaintiff from his home country; that plaintiff could not be considered grandfathered for purposes of Section 245 (I) of the Act.

11. That Michaelangelo has refused to provide plaintiff with proof of the filing of the application for labor certification as a stone mason prior to April 30, 2001, despite the many requests made by him and his attorneys, thus, depriving plaintiff of the opportunity to adjust his status as a permanent resident of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST POLLACK, POLLACK, ISSAC & DE CICCO, LLP

12. Plaintiff repeats, realleges and reiterates the paragraphs of the complaint marked and designated as Nos. "1" through "11", both inclusive, with the same force and effect, as if fully set forth herein.

13. That the defendants, Pollack, Pollack, Issac & De Cicco, LLP ("Pollack"), are attorneys at law, duly admitted to the practice of law in the courts of the State of New York, and, upon information and belief, in this Court.

14. That on or before April 30, 2001, Michaelangelo and Plaintiff retained Pollack to file an application for labor certification on behalf of plaintiff, who paid a fee to Pollack for legal services rendered or to be rendered in the matter of ultimately causing plaintiff to adjust his status as a permanent resident of the United States.

15. Pursuant to instructions from Michaelangeo, Pollack caused a different alien to substitute the plaintiff herein as a beneficiary of the application for alien employment certification and, ultimately, caused the substituted alien to adjust his status as a permanent resident of the United States.

16. That, despite several requests made by plaintiff's new attorneys, Sorrentino, Thomas and Sorrentino, Esqs. ("Sorrentino"), Pollack has refused and still refuses to provide plaintiff and

Sorrentino with copies of his file, pertaining to the original application for alien employment certification on behalf of plaintiff and any and all correspondence with the Labor Department of the State of New York and of the United States; that refusal is grounded in Pollack's belief that only one person may benefit from an approved labor certification approval and that one person is the substituted alien, who has already attained permanent residence through adjustment of status; that such belief is erroneous and inconsistence with the provisions of the Federal Regulations, hereinabove cited.

17. That Pollack caused the said substituted alien to adjust his status as a permanent resident of the United States in violation of the cited Federal Regulations and, at this point in time, arbitrarily, refuses to provide plaintiff and Sorrentino with copies of the contents of his file, pertaining to the subject matter of this case.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THE UNITED STATES DEPARTMENT OF LABOR

18. Plaintiff repeats, realleges and reiterates the allegation of the complaint, marked and designated as paragraphs "1" through "17" with the same force and effect, as if fully set forth herein.

19. That the defendant the United States Department of Labor is an agency of the Government of the United States, assigned to the processing of matters, pertaining to applications for alien employment certification.

20. That, on or before the 30th day of April, 2001, an application for alien employment certification was filed with the Labor Department of the State of New York, and subsequently this application was transferred to the defendant, United States Department of Labor for further processing.

21. That, for the purpose of benefitting by the provisions of Section 245 (I) of the Act, thus enabling him to adjust his status as a permanent resident of the United States, plaintiff and Sorrentino have made several requests of this defendant to provide proof of the filing of the application for alien employment certification and the date of such filing of the said application.

22. That the only response given by the defendant to the various requests, as aforesaid, has been that the application on behalf of plaintiff was voluntarily withdrawn by Michaelango. Annexed hereto and marked as Exhibit "C" is an e-mail by this defendant to Sorrentino, indicating such withdrawal.

23. That this defendant has arbitrarily withheld the requested information from plaintiff, thus, depriving plaintiff to adjust his status, as aforesaid.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY AND AS DISTRICT DIRECTOR OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES

25. Plaintiff repeats, realleges and reiterates the allegations of the complaint, marked and designated as paragraphs "1" through "23" with the same force and effect, as if fully set forth herein.

26. That the defendant herein approved an immigrant petition for alien worker on January 25, 2007, filed on behalf of plaintiff by Pat Lanza Landscaping Corporation, and, subsequently, rejected an application by plaintiff for adjustment of status, on the ground that no visa was available for him from his home country, since he could not claim the benefits of Section 245 (I) of the Act.

27. That the defendant caused the substituted alien to be adjusted as a permanent resident of the United States in violation of the cited Federal Regulations, in that the benefits of Section 245

(I) of the Act could not be grandfathered to such substituted alien and for the further reason that a visa was not available to such alien from his home country.

28. That the defendant erred in the rejection of plaintiff's application for adjustment of status and violated the cited Federal Regulations, in that the benefits of Section 245 (I) of the Act grandfathered to plaintiff rather that the substituted alien.

29. That plaintiff has no other remedy that to proceed with the prosecution of the instant action for the relief sought herein.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST MICHAELANGELO

30. Plaintiff repeats, realleges and reiterates the allegations of the complaint marked and designated as paragraphs "1" and "29" both inclusive with the same force and effect, as if fully set forth herein.

31. Michaelangelo has withheld arbitrarily and without just cause all information and documents, pertaining to its application for alien employment certification on behalf of plaintiff filed on or before April 30, 2001 and has caused a violation of the cited Federal Regulations in taking steps leading to the adjustment of status of the substituted alien.

32. That by reason of its unlawful actions Michaelangelo has caused plaintiff to incur liability for attorneys fees and legal costs for the prosecution of the instant action and that this Court make an award consistent with the liability incurred or to be incurred by plaintiff and that a further award by made on behalf of plaintiff for damages sustained or to be sustained by reason of the increase of fees required to be paid tothe defendant USCIS for the filing of the applications of adjustment of status and other by plaintiff and his spouse.

**WHEREFORE,** plaintiff demands judgment as follows:

1. That Michaelangelo be required and directed to provide plaintiff with information, pertaining to its filing of the application for alien employment certification on or before April 30, 2001, and to provide further any and all documents relating to such applications and documents obtained from the United States Department of Labor with respect to plaintiff's first cause of action.

2. That Pollack be required and directed to provide plaintiff with information, pertaining to the filing of an application by Michaelangelo on behalf of plaintiff for alien employment certification on or before April 30, 2001, and to provide further any and all documents relating to such application and documents obtained from the United States Labor Department with respect to plaintiff's second cause of action.

3. That the defendant, the United States Department of Labor be required and directed to provide plaintiff with information, pertaining to the filing of an application by Michaelangelo on behalf of plaintiff prior to April 30, 2001, and to provide further any and all documents relating to such application.

3. That the defendant U.S. Citizenship and Immigration Services be required to accept and process an application for adjustment of status as a permanent resident of the United States, if one is submitted to the defendant by plaintiff, by reason of the provisions of Section 245 (I) of the Act (8 U.S.C 1255 (I)), which deem plaintiff to be grandfathered for the purpose of the said Act.

5. That an award be made on behalf of plaintiff consistent with the liability incurred by him for attorney's fees and legal costs and disbursements by reason of the unlawful actions of Michaelangelo, hereinabove mentioned.

6. That this Court grant to plaintiff such other and further relief as it may deem just and proper in the premises.

Dated: July 16, 2007

                                                      */s/ Dominick Sorrentino*
DOMINICK SORRENTINO, ESQ.
Attorney for Plaintiff
12 Armand Place
Valhalla, New York 10595
(914)592-6648

VERIFICATION

STATE OF NEW YORK            )
COUNTY OF WESTCHESTER    ) ss.:

MIZRAIM BATISTA, being duly sworn, deposes and says:

I am the plaintiff in the action; I have read the foregoing complaint and know the contests thereof; the same is true to my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

_____
MIZRAIM BATISTA

Sworn to before me this
16th day of July 2007

_____

DOMINICK SORRENTINO
Notary Public, State of New York
No. 02SO6068607
Qualified in Westchester County
Commission Expires 2/18/10